NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SHAUN ROSIERE, | : | |
| Plaintiff, | : | Civil Action No. 16-0341-BRM-TJB |
| v. | : | |
| UNITED STATES OF AMERICA, | : | OPINION |
| Defendant. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are: (1) a Complaint filed by *pro se* Plaintiff Shaun Rosiere ("Plaintiff"), proceeding *in forma pauperis*; (2) a Motion to Dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1) (ECF No. 37) filed by Defendant United States of America ("Defendant"), which Plaintiff opposes (ECF No. 43); and (3) eight motions filed by Plaintiff, including: (a) two duplicative Motions for Cross Examination of All Individuals Who Supplied Affidavits and Declarations;[1] (b) a Motion for Determination of Material Fact on the Issue of the Mail Box Rule; (c) a Motion for Determination of Material Facts to Spell Out the Claims (Multiple) of the Case; (d) a Motion to Stay Case; (e) a Motion for Determination of Material Fact; (f) a Motion for the Government Attorney to Follow Rules of Court and Local Procedures and Motion to Strike an Unauthorized Filing Without Leave of the Court; and (g) a Motion for the Issuance of the Great Writ. (*See* ECF Nos. 41, 42, 44, 45, 46, 47, 54, and 55.) Defendant filed a joint response to a majority of Plaintiff's pending motions. (*See* ECF No. 53.)

---

[1] One of the Motions for Cross Examination of All Individuals Who Supplied Affidavits and Declarations (ECF No. 42) is inadvertently named as a Motion for Extension of Time to File Response on the Docket Report.

1

On January 19, 2016, Plaintiff submitted a *pro se* Complaint and an application to proceed *in forma pauperis*, which was granted on January 21, 2016. (ECF No. 1-2 and ECF No. 2.) Because Plaintiff is proceeding *in forma pauperis* in this matter, his Complaint is subject to screening "at any time" pursuant to 28 U.S.C. § 1915(e)(2). Pursuant to the statute, the Court is required to dismiss any claims which are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument on the motions. For the reasons set forth below, Plaintiff's Complaint is **DISMISSED with prejudice.**

**I.     BACKGROUND**

Plaintiff's Complaint (ECF No. 1) before this Court is one of several nearly identical lawsuits arising out of his FOIA requests. Over the span of approximately fourteen months, Plaintiff filed eight other cases involving FOIA requests in several federal districts, almost all relating to the two New Jersey criminal cases he was involved in as a defendant. *See Rosiere v. United States*, 17–2468 (D. Nev.) (pending); *Rosiere v. United States*, 16–2286 (D. Nev. May 9, 2017) (6 FOIA requests dismissed as "frivolous and malicious"); *Rosiere v. United States*, 15–2187 (D. Nev. Jan. 3, 2017) (15 FOIA requests dismissed as "frivolous and malicious"); *Rosiere v. United States*, 16–1251 (D. Colo. July 21, 2016) (5 FOIA requests dismissed as malicious); *Rosiere v. United States*, 16-0905 (D. Or. July 1, 2016) (8 FOIA requests dismissed for improper venue); *Rosiere v. United States*, 16–0260 (D. Haw. June 20, 2016) (14 FOIA requests dismissed for improper venue); *Rosiere v. United States*, 16–3571 (CD. Cal. May 25, 2016) (5 FOIA requests dismissed for improper venue and duplicative claims); *Rosiere v. United States*, 16–0143 (D. Colo. Mar. 16, 2016) (15 FOIA requests dismissed as duplicative).

Specifically, Plaintiff's Complaint seeks a host of documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, *et seq.*, associated with two criminal cases in which Plaintiff was a defendant, as well as other unrelated documents. (ECF No. 1 at 1.) At issue are fifteen different FOIA requests, with enumerated sub-sections, Plaintiff submitted to four different agencies on July 18, 2015. (*See* Exs. 1-15 to ECF No. 1.) Requests 2, 3, 5, 6, 7, 8, 9, 10, 13, 14, and 15 are addressed to the Executive Office of United States Attorneys ("EOUSA"). (Exs. 2, 3, 5, 6, 7, 8, 9, 10, 13, 14, and 15 to ECF No. 1.) These requests largely concern issues associated with his two criminal cases in the District of New Jersey in which he was a defendant, such as evidence in his criminal cases, requests regarding his co-defendants, requests regarding other entities involved in the criminal cases, Plaintiff's plea agreement, discovery material provided to Plaintiff and his co-defendants, etc. (*See id.*) Request 1 is addressed to the Internal Revenue Service ("IRS") and requests "a copy of Shaun R. Rosiere IRS records (all document records)." (Ex. 1 to ECF No. 1.) Request 4 is addressed to the Social Security Administration ("SSA") and requests "all documents at your agency held and related to: Shaun R. Rosiere." (Ex. 4 to ECF No. 1.) Lastly, requests 11 and 12 are addressed to the Federal Bureau of Prisons ("BOP") and seek information regarding conditions of confinement at two BOP institutions, FPC Florence in Colorado and FCI Sandstone in Minnesota. (Exs. 11-12 to ECF No. 1.) Plaintiff contends all four agencies failed to respond to his requests and seeks all documents requested, as well as additional documents and the creation of record affidavits. (*See* ECF No. 1.)

Accordingly, on January 19, 2016, Plaintiff filed this action. (*See id.*) On March 3, 2017, Defendant filed a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing Plaintiff is not entitled to any relief sought because most of his requests are moot since Defendant released the records to Plaintiff after the commencement of this litigation and because Plaintiff

3

failed to exhaust his administrative remedies with regard to his remaining requests. (*See* ECF No. 37.) Plaintiff opposes the Motion arguing, in relevant part, he did not receive the alleged released records. (ECF No. 43.)

Plaintiff has filed numerous motions in this matter, eight of which are pending before the Court. For example, on March 13, 2017, Plaintiff filed two duplicative "Motion[s] for Cross Examination of All Individuals Who Supplied Affidavits and Declarations." (ECF Nos. 41 and 42.) On March 15, 2017, Plaintiff filed a "Motion for Determination of Material Fact on the Issue of the Mail Box Rule," a "Motion for Determination of Material Facts to Spell Out the Claims (Multiple) of the Case" and a "Motion to Stay Case." (ECF Nos. 44, 45, and 46.) On March 20, 2017, Plaintiff filed a "Motion for Determination of Material Fact." (ECF No. 47.) Defendant filed a joint response to Plaintiff's pending motions on April 21, 2017. (ECF No. 53.) On April 28, 2017, Plaintiff filed a "Motion for the Gov. Attorney to Follow Rules of Court and Local Procedures and Motion to Strike an Unauthorized Filing Without Leave of the Court." (ECF No. 54.) On May 1, 2017, Plaintiff filed a "Motion for the Issuance of the 'Great Writ.'" (ECF No. 55.)

On May 11, 2017, Judge Tonnianne J. Bongiovanni entered a Letter Order instructing Plaintiff "to refrain from filing any addition motions" without the permission of the Court. (*See* ECF No. 57.) She noted "the repeated filing of motions without permission of the Court is not appropriate and is becoming abusive." (*Id.* at 2.)

## II. LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis* in this matter, his Complaint is subject to screening "at any time" pursuant to 28 U.S.C. § 1915(e)(2). Pursuant to the statute, the Court is required to dismiss any claims which are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). "The legal standard

4

for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" required the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation'" must be pled; it

5

must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III. DECISION

Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 1.) Therefore, the Court is required to review his Complaint under § 1915(e)(2), which provides in relevant part that a Court "shall dismiss the case *at any time* if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (emphasis added). "A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *See Daley v. U.S. Attorneys Office*, 538 F. App'x 142, 143–44 (3d Cir. 2013) (quoting *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995)); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) ("Malicious," although "sometimes treated as a synonym for 'frivolous,' . . . is more usefully construed as intended to harass.") (citation omitted).

Similarly, an action may be considered malicious if it "is plainly abusive of the judicial process." *Abdul–Akbar v. Dep't of Corr.*, 910 F. Supp. 986, 999 (D. Del. 1995) (citations omitted), *aff'd*, 111 F.3d 125 (3d Cir. 1997).

The Court takes judicial notice of facts where they are a matter of public record. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). A review of the Public Access to Court Electronic Records (PACER) indicates Plaintiff has filed at least nine actions involving FOIA requests in several federal districts in a span of fourteen months.[2] More recently, on September 21, 2017, Plaintiff filed a duplicative action in the District of Nevada alleging, "The United States of America has failed to produce approximately 500 plus document [sic] that are known by the United States that are responsive to numerous FOIA request. [sic] Thus, the gov. [sic] has failed to comply with the mandates set by federal law." *See Rosiere v. United States*, 17–2468 (D. Nev.) (ECF No. 1-2 at 1). In addition, Plaintiff admits he received the FOIA requests made to the EOUSA in this instant action, but instead challenges the substance of the EOUSA's response and the determination regarding records to be withheld. (*See id.*)

Plaintiff's admission in that complaint is inconsistent with his opposition brief before this Court, where he states he did "not receive the alleged 900 pages" provided by Defendant. (ECF No. 43 at 1.) While the Court cannot, at this time, make a factual determination regarding the FOIA production, Plaintiff's inconsistent allegations regarding the same FOIA requests, the amount of federal actions Plaintiff has initiated in separate federal districts over a short time period, as well as the quantity of FOIA requests filed (*see* Exs. 1-15 to ECF No.1) and the number of motions filed in this action raise red flags for the Court. Plaintiff's subjective motivation for filing the large

---

[2] On July 10, 2014, Plaintiff also filed approximately eleven FOIA requests before this Court. *Rosiere v. United States*, 14–04373 (D.N.J. Nov. 24, 2014) (dismissed for lack of subject matter jurisdiction).

7

number of FOIA requests and the related federal lawsuits, particularly the most recent request in the District of Nevada on September 21, 2017, is certainly an attempt to harass Defendant and to abuse the judicial process. Such harassment and abuse of the judicial process will not be tolerated.

Indeed, several of Plaintiff's cases have been dismissed as frivolous and malicious. *See Rosiere v. United States*, 673 F. App'x 834, 837 (10th Cir. 2016), *cert. denied*, 137 S. Ct. 2221 (2017) ("The district court did not abuse its discretion in finding that [Plaintiff's] litigation activity was malicious."); *Rosiere v. United States*, 15–2187 (D. Nev. Jan. 3, 2017), *aff'd*, No. 17–15103 (9th Cir. April 18, 2017) (dismissing the FOIA complaint as "frivolous"); *Rosiere v. United States*, 16–2286 (D. Nev. May 9, 2017) (6 FOIA requests dismissed as "frivolous and malicious"). Likewise, the District of Nevada dismissed a similar complaint, although not a FOIA request, filed by Plaintiff for lack of subject matter jurisdiction and because the Complaint was "clearly frivolous and malicious." *Rosiere v. United States*, No. 17-0144, 2017 WL 2838079, at *2 (D. Nev. June 30, 2017), r*eport and recommendation adopted*, 2017 WL 3496512 (D. Nev. Aug. 15, 2017), *reconsideration denied sub nom.*, 2017 WL 4448578 (D. Nev. Oct. 4, 2017). In that action, Plaintiff sought "to obtain a contract interpretation and transcript interpretation regarding a plea agreement executed in the District of New Jersey to resolve his federal criminal charges." *Id.* at 2. The federal criminal charges he sought to resolve in that matter were the two criminal cases in which Plaintiff was a defendant and currently seeks a host of documents under FOIA. Plaintiff appealed the decision and the Ninth Circuit dismissed his appeal as frivolous. *See Rosiere v. United States*, No. 17–71794 (9th Cir. April 28, 2017).

The Court finds that the nearly identical Complaint filed in this case regarding the same FOIA requests filed in the other federal districts is frivolous, malicious, and duplicative, particularly in light of the quantity of FOIA requests filed (*see* Exs. 1-15 to ECF No.1) and number

of motions filed in this action. Accordingly, Plaintiff's Complaint is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IV.    CONCLUSION**

For the reasons set forth above, Plaintiff's Complaint is **DISMISSED with prejudice**. Because Plaintiff's Complaint is dismissed with prejudice, all pending motions (ECF Nos. 37, 41, 42, 44, 45, 46, 47, 54, and 55) are **MOOT** and the case is **CLOSED**.


Date: October 12, 2017                                    */s/ Brian R. Martinotti*
                                                         **HON. BRIAN R. MARTINOTTI**
                                                         **UNITED STATES DISTRICT JUDGE**